ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARÍA DE LOS ÁNGELES AYALA LEBRÓN<br><br>Peticionaria<br><br>v.<br><br>BEST HEALTH GROUP, LLC, MIGUEL SOSA PADILLA, JANE DOE Y OTROS<br><br>Recurridos | KLCE202500158 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm. SJ2022CV00085<br><br>Sobre:<br>Cobro de Dinero – Ordinario, Daños, Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Álvarez Esnard y la jueza Díaz Rivera

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2025.

Comparece la señora María De Los Ángeles Ayala Lebrón (la señora Ayala Lebrón o la peticionaria) mediante una *Petición de Certiorari*. Nos solicita la revisión de la *Resolución Interlocutoria* emitida y notificada el 17 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario o foro *a quo*). En virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción Solicitando Adjudicación de Controversias Pendientes sobre Descubrimiento de Prueba* presentada por la peticionaria. Razonó que la demandante expuso el asunto sobre la inspección de unos documentos a dos días del vencimiento de una prórroga concedida a su favor y a un día de la culminación del descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

### I.

En aras de brindar una cabal comprensión sobre los hechos esenciales del caso de epígrafe, presentamos una relación detallada del tracto procesal ante el foro primario.

El 7 de enero de 2022, la señora Ayala Lebrón, en calidad de heredera, instó una *Demanda* de cobro de dinero, incumplimiento contractual, y daños y perjuicios contra Best Health Group, LLC (Best Health), y su presidente, el doctor Miguel Sosa Padilla, entre otros (los codemandados o la parte recurrida).[1] En ajustada síntesis, alegó que su hermano, el señor Carlos Ayala Lebrón (el causante), quien fungía como miembro y contador de Best Health, falleció el 7 de enero de 2021. En vista de ello, solicitó la liquidación de su participación corporativa. Especificó que tal liquidación deberá incluir el pago del valor actual de la participación del causante, los dividendos pendientes, el salario, la compensación diferida e intereses legales.

En respuesta a tales alegaciones, el 28 de marzo de 2022, Best Health sometió su *Contestación a Demanda*.[2] En esencia, adujo que en abril del año 2018 el causante ingresó como miembro inicial de la corporación con una participación en las unidades capital de la compañía de quince por ciento (15%). Sin embargo, indicó que venía obligado a pagar o hacer una aportación a la compañía por dicha participación o membresía. No obstante, puntualizó que no había emitido los pagos correspondientes a la fecha de su fallecimiento, por lo que, sostuvo que este no era dueño de participación alguna ni miembro corporativo. A base de lo anterior, argumentó que la reclamación no expone hechos que justifiquen la concesión de un remedio a favor de la parte demandante.

Iniciada la etapa de descubrimiento de prueba, el 29 de diciembre de 2023, la señora Ayala Lebrón sometió un *Requerimiento de Producción de Documentos* dirigido a Best Health.[3] En esencia, peticionó un desglose de cuentas, estados financieros, planillas de contribución, pagarés, y resoluciones de autorización de pagos, entre otros extremos.

Así las cosas, el 2 de noviembre de 2023, ambas partes radicaron una *Moción Conjunta en Cumplimiento de Orden*.[4] Informaron que

---

[1] Apéndice de la parte peticionaria, págs. 62-65.
[2] Apéndice de la parte peticionaria, págs. 70-79.
[3] Apéndice de la parte peticionaria, págs. 116-117.
[4] Apéndice de la parte peticionaria, págs. 127-129.

aclararon los aspectos de las solicitudes de producción de documentos, y a su vez, acordaron un término de quince (15) días para que Best Health suplementara las contestaciones al requerimiento.

Sin embargo, tras múltiples intentos extrajudiciales infructuosos, el 29 de diciembre de 2023, la señora Ayala Lebrón presentó una *Moción Solicitando Orden Bajo la Regla 34.2 de Procedimiento Civil* a los fines de que la parte demandada produjera los documentos correspondientes.[5] Precisó que la corporación no ha producido una sola planilla del causante, ni sometió evidencia del desembolso. En atención a su solicitud, ese día, el foro *a quo* dictó *Orden,* notificada al día siguiente, en la cual concedió a la parte demandada siete (7) días para que se expresara.[6]

Sin una respuesta aún por parte de Best Health, el 29 de enero de 2024, la demandante presentó una *Moción de Desacato y Solicitando Anotación de Rebeldía y Eliminación de Alegaciones* para señalar que la parte demandada no cumplió con la referida *Orden* ni produjo los documentos solicitados.[7] En respuesta a esta última petición, ese mismo día, la parte demandada compareció mediante la presentación de una *Oposición a Moción Solicitando Anotación de Rebeldía*.[8] Entre otros asuntos, informó que el término de siete (7) días concedido en la *Orden* fue prorrogado hasta el 19 de enero de 2024 por razón de las vacaciones de la parte suscribiente. En vista de tales circunstancias, y en lo pertinente a la controversia, el foro primario dictó *Orden* el 2 de febrero de 2024, notificada el 5 de febrero de 2024, en la cual declaró *No Ha Lugar* a la anotación de rebeldía.[9] A su vez, resolvió que la parte demandada estaba dentro del término otorgado.

Continuados los trámites judiciales, el 18 de julio de 2024, el foro *a quo* celebró una *Conferencia sobre el Estado de los Procedimientos* en la cual comparecieron los representantes legales de ambas partes, según

---

[5] Apéndice de la parte peticionaria, págs. 132-136.
[6] Apéndice de la parte peticionaria, pág. 137.
[7] Apéndice de la parte peticionaria, págs. 138-140.
[8] Apéndice de la parte peticionaria, págs. 141-143.
[9] Apéndice de la parte peticionaria, pág. 144.

consta en la *Minuta* notificada el 24 de julio de 2024.[10] En dicha vista, el abogado de la señora Ayala Lebrón informó al tribunal que le interesaba la entrega de los siguientes documentos:

> **A preguntas del Tribunal, el licenciado Pérez García expresa que los documentos que interesa que le entregue el demandado son los siguientes: declaraciones informativas de dividendos y servicios prestados de los años 2017 al 2020, evidencia de los pagos que hicieron al Departamento de Hacienda de las sumas retenidas por concepto de las informativas hasta el año 2020, primer contrato ancla que se firma con Triple S del cual debe surgir la fecha de su otorgamiento, un listado de los desembolsos a los miembros de la corporación y el concepto de los años 2017 al 2020, los pagos que se realizaron en efectivo de las participaciones de los miembros de los años 2017-2020 y las fechas en que se prepararon los estados financieros que produjo el demandado en la contestación al requerimiento de documentos**. (Énfasis nuestro).[11]

En respuesta a su requerimiento, ese día, el foro primario concedió a la parte demandada veinte (20) días para producir los documentos solicitados. A su vez, ordenó a los representantes legales de ambas partes a celebrar una reunión el 13 de agosto de 2024 con el custodio de los documentos en la oficina del licenciado Rafucci Pino, quien es el abogado de Best Health. Dispuso, también, que luego de esa reunión, las partes deberían presentar una moción conjunta en la que indicarían el resultado de ese proceso y la documentación entregada.[12]

En consideración a la orden judicial, el 5 de septiembre de 2024, Best Health presentó una *Moción Informativa*, en la que indicó que la reunión se celebró durante ese día, toda vez que anteriormente se había cancelado por el paso de la tormenta Ernesto.[13] Sin embargo, sostuvo que el abogado de la demandante optó por cancelar la reunión por no producirse los documentos bajo juramento. Ante tales hechos, argumentó que no había razón alguna para cancelar la reunión.

Por su parte, la señora Ayala Lebrón en reacción a lo anterior presentó un escrito intitulado *Réplica a Moción Informativa y Solicitud de Orden* el 12 de septiembre de 2024, en la cual argumentó que lleva más de

---

[10] Apéndice de la parte peticionaria, págs. 149-151.
[11] Apéndice de la parte peticionaria, pág. 149-150.
[12] Apéndice de la parte peticionaria, pág. 150.
[13] Entrada Número ciento setenta y ocho (178) del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

un (1) año solicitando tales documentos.[14] Puntualizó que en la vista celebrada el 18 de julio de 2024, el foro primario concedió el término de veinte (20) días para enviar la documentación solicitada en el aludido proceso. Adujo, también, que previamente la parte demandada había entregado escritos bajo juramento, sin embargo, en la reunión no permitió que se tomara juramento sobre los documentos en cuestión. Por lo anterior, peticionó que se ordenara un nuevo señalamiento de producción de documentos, y a su vez, se impusiera sanciones de quinientos dólares ($500.00) a Best Health por irrupción y obstrucción injustificada de los procedimientos.

Evaluadas ambas posturas, el 13 de septiembre de 2025, el foro primario dictó *Orden*, notificada ese día, en la cual incluyó el siguiente pronunciamiento judicial:

> Tienen las partes el término final de 15 días para llevar a cabo la reunión ordenada en la vista del 18 de julio de 2024 para la discusión de producción de los documentos mencionados por la parte demandante durante la vista y que surgen de la minuta. En la reunión no se tomará juramento a funcionarios que asistan a los abogados con la celebración de la vista. La moción conjunta a presentarse luego de celebrarse la vista, que se ordenó en la vista del 18 de julio de 2024 es la certificación para el tribunal sobre la existencia o inexistencia de los documentos particulares solicitados en la vista del 18 de julio de 2024. De luego surgir en algún testimonio durante el juicio en su fondo, evidencia que contradiga lo que se certifica en la moción conjunta, el tribunal activará las presunciones y emitirá las sanciones correspondientes.
>
> Incumplimiento de alguna parte con esta orden llevará severa sanción económica.[15]

De conformidad con lo dictaminado, el 25 de septiembre de 2024, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden.* Informaron que el 20 de septiembre de 2024 se celebró la reunión ordenada y se discutió la producción de los documentos a tenor con lo establecido en la vista celebrada el 18 de julio de 2024.[16] Al respecto, surgen los acuerdos alcanzados:

> **En dicha reunión se discutió la producción de los documentos que surge de la Minuta de la vista del 18 de julio. A continuación, los resultados:**

---

[14] Apéndice de la parte peticionaria, págs. 152-154.
[15] Apéndice de la parte peticionaria, pág. 155.
[16] Apéndice de la parte peticionaria, págs. 156-159.

**a. Declaraciones informativas de dividendos y servicios prestados de los años 2017 al 2020:** se le indicó a la parte Demandante que las únicas declaraciones informativas emitidas por Best Health Group, LLC para los referidos años a nombre de Carlos Ayala fueron las tres informativas producidas como Anejo 7 de la Producción de Documentos de septiembre de 2022.

**b. Evidencia de los pagos que hicieron al Departamento de Hacienda de las sumas retenidas por concepto de las informativas hasta el año 2020:** se le indicó a la parte Demandante que estaría produciendo un Estado de Reconciliación Anual de Servicios Prestados para el año contributivo 2021, así como una Certificación de Deuda. Los mismos se produjeron el 23 de septiembre de 2024.

**c. Primer contrato ancla que se firma con Triple S del cual debe surgir la fecha de su otorgamiento:** se le indicó a la parte Demandante que se le estaría produciendo el contrato. El mismo se produjo el 23 de septiembre de 2024.

**d. Un listado de los desembolsos a los miembros de la corporación y el concepto de los años 2017 al 2020:** la codemandada Best Health Group, LLC se reiteró en la objeción a este Requerimiento por impertinente. Se produjo en su momento el listado de desembolsos a Carlos Ayala Lebrón.

**e. Los pagos que se realizaron en efectivo de las participaciones de los miembros de los años 2017-2020:** la codemandada Best Health Group, LLC, sin renunciar a la objeción de que se trata de un requerimiento impertinente, indicó que no existen pagos en efectivo de participaciones a los miembros de Best Health Group, LLC.

**f. Fechas en que se prepararon los estados financieros que produjo el demandado en la contestación al requerimiento de documentos: se indicó que las fechas no existen**. (Énfasis nuestro).[17]

Del aludido documento se desprende, a su vez que, la demandante presentaría una moción con relación al inciso (d), entiéndase, sobre la producción de documentos vinculados con el desembolso a los miembros, a los fines de demostrar su pertinencia y relevancia con las declaraciones del doctor Sosa Padilla en su deposición. Considerada la moción conjunta, el 26 de septiembre de 2024, el foro primario emitió y notificó *Orden,* en la cual estableció "[e]nterado".[18]

Con posterioridad, el 2 de octubre de 2024, dicho tribunal celebró una vista denominada *Status Conference* en la cual comparecieron las partes acompañadas de sus representantes legales, según surge en la *Minuta* notificada el 9 de octubre de 2024.[19] Ese día, estableció lo siguiente:

---

[17] Apéndice de la parte peticionaria, págs. 155-156.
[18] Apéndice de la parte peticionaria, págs. 169-170.
[19] Entrada número ciento ochenta y nueve (189) de SUMAC.

El Tribunal hizo constar que surge del expediente una moción conjunta del 25 de septiembre de 2024, la cual tuvo la oportunidad de examinar y se informa que va a ver una petición de orden al Departamento de Hacienda la que no está objetada por la parte demandada. En adición hay dos asuntos que aparecen controvertidos que son el acápite D y F al cual las partes van a presentar sus posiciones por escrito.

El licenciado Pérez García someterá la orden den 3 días.
**El Tribunal le concede al licenciado Pérez García 3 días para someter el proyecto de orden y 5 días para que exponga su posición en cuanto a los acápites D y F de la moción conjunta presentada y luego la licenciada Raffucci Pino tendrá 5 días para presentar la suya y entonces se dispondrá de las dos controversias.**

**El licenciado Pérez García informó que las partes discutieron fechas para la deposición de los testigos que son: Ángel Acevedo, perito de la parte demandante para el 28 de octubre de 2024 y Félix Román para el 25 de octubre de 2024.**

Se señala Status Conferencia para el 2 de diciembre de 2024 a las 9:00 de la mañana mediante videoconferencia. (Énfasis nuestro)

De conformidad con lo decretado, el 7 de octubre de 2024, la señora Lebrón Ayala sometió a la consideración del foro primario una *Moción en Cumplimiento de Orden* acompañada de un proyecto de dictamen intitulado *Orden para Inspeccionar Récords y Expedición de Copias*.[20] En el referido proyecto, la demandante recomendó al foro primario que ordenara al Departamento de Hacienda a permitir el examen de los siguientes documentos:

1- Todas las declaraciones Informativas o comprobantes de retención sobre servicios prestados, declaraciones de dividendos o sobre ingresos por cualquier otro concepto de CARLOS AYALA LEBRÓN, número de seguro social 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, presentadas por BEST HEALTH GROUP LLC, número de identificación patronal 66-0885831, BEST HEALTH MANAGEMENT LLC, número de identificación patronal, 66-0831594, EAST BEST HEALTH LLC 66-0909622 y/o CARLOS AYALA LEBRÓN, en los años contributivos, 2017, 2018, 2019, 2020 y 2021.

2- Evidencia de todos los pagos al Departamento de Hacienda sobre ingresos retenidos a CARLOS AYALA LEBRÓN supra, realizados por parte de las corporaciones señaladas en el párrafo número 1 supra. durante los años contributivos, 2017, 2018, 2019, 2020 y 2021.

Pese a que inicialmente se acogió dicha solicitud, el 8 de octubre de 2024, el tribunal recurrido emitió y notificó *Orden* en la que dejó sin efecto el proyecto sometido tras Best Health presentar una *Urgente Moción en Oposición y en Solicitud de Sanciones*.[21] De acuerdo con lo expuesto en

---

[20] Entrada número ciento ochenta y tres (183) de SUMAC.
[21] Entrada número ciento ochenta y seis (186) de SUMAC.

dicha moción, la demandante anteriormente no había traído a la discusión las evidencia de retenciones efectuadas por Best Health Managment, LLC y East Best Health. En vista de tal argumentación, el tribunal recurrido concedió a la parte demandante el término de cinco (5) días para expresarse ante la oposición presentada por Best Health.[22]

Así las cosas, el 9 de octubre de 2024, la señora Ayala Lebrón presentó una *Moción en Cumplimiento de Orden, Réplica a Oposición y Moción de Reconsideración*.[23] Señaló que en las planillas de contribución sobre ingresos correspondientes a los años 2017 al 2019 reflejan unos pagos por conceptos de ingresos y dividendos remitidos al causante por medio de tres corporaciones diferentes las cuales poseen la misma dirección que la parte demandada. Por lo tanto, consideró que tiene el derecho a solicitar tal información.

Examinados sus argumentos, ese mismo día, el foro primario dictó y notificó *Resolución y Orden* en la cual resolvió lo siguiente:

> Según MOCIÓN CONJUNTA EN CUMPLIMIENTO DE ORDEN [181] surge que la parte demandada se allanó a que se solicitara la siguiente información:
>
> (a) Declaraciones informativas de dividendos y servicios prestados de los años 2017 al 2020 que no se produjo por la parte demandada Best Health Group, LLC y;
>
> (b) Evidencia de los pagos que hicieron al Departamento de Hacienda de las sumas retenidas por concepto de las informativas hasta el año 2020 que no se produjo por la parte demandada Best Health Group, LLC.
>
> De la MOCIÓN CONJUNTA EN CUMPLIMIENTO DE ORDEN [181] nada se incluyó sobre Best Health Management y/o East Best Health, LLC. Tampoco esas entidades fueron mencionadas en la vista del 2 de octubre de 2024.
>
> **Por lo anterior, se emitirá nueva orden limitada a lo dispuesto en la MOCIÓN CONJUNTA EN CUMPLIMIENTO DE ORDEN [181] según se acordó por las partes y se ordenó en la vista del 2 de octubre de 2024. Además, se impone sanción de $100.00 a la parte demandante por haber sometido el proyecto de orden solicitado en dicha vista incluyendo requerimientos no acordados o autorizados. Se conceden 5 días para su pago**.[24]

En esa dirección, ese día, el tribunal recurrido nuevamente acogió el proyecto sometido por la parte demandante sujeto a las limitaciones

---

[22] Entrada número ciento ochenta y cinco (185) de SUMAC.
[23] Entrada número ciento ochenta y ocho (188) de SUMAC.
[24] Entrada número ciento noventa y uno (191) de SUMAC.

antes reseñadas. Al respecto, consta la enmendada *Orden para Inspeccionar Récords y Expedición de Copias* con las siguientes directrices dirigidas al Departamento de Hacienda:

> 1- Todas las declaraciones Informativas o comprobantes de retención sobre servicios prestados, declaraciones de dividendos o sobre ingresos por cualquier otro concepto de CARLOS AYALA LEBRÓN, número de seguro social 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, presentadas por BEST HEALTH GROUP, LLC, número de identificación patronal 66-0885831, en los años contributivos 2017, 2018, 2019 y 2020.
>
> 2- Evidencia de todos los pagos al Departamento de Hacienda sobre ingresos retenidos a CARLOS AYALA LEBRÓN supra, realizados por parte de la corporación BEST HEALTH GROUP, LLC, durante los años contributivos 2017, 2018, 2019 y 2020.[25]

Debidamente atendida la reconsideración presentada por la parte demandante en torno al precitado dictamen, así como su oposición, el 22 de noviembre de 2024, el foro primario emitió *Resolución Interlocutoria*, notificada el 25 de noviembre de 2024, en la cual declaró *No Ha Lugar* la referida solicitud e instruyó "[v]éase MOCIÓN CONJUNTA EN CUMPLIMIENTO DE ORDEN [181]".[26]

Resuelto lo anterior, el 2 de diciembre de 2024, el Tribunal de Primera Instancia celebró la *Conferencia sobre Estado de los Procedimientos*, según surge en la *Minuta* notificada el 6 de diciembre de 2024.[27] En dicho proceso, calendarizó la Conferencia con Antelación a Juicio el próximo 10 de marzo de 2025. **Asimismo, estableció que el descubrimiento de prueba deberá culminar el 14 de enero de 2025**. (Énfasis nuestro). A su vez, declaró *No Ha Lugar* la solicitud de parte demandante para señalar la celebración del juicio en su fondo. **No surge de esta conferencia planteamiento alguno por parte de la demandante relativo a la producción de los documentos**. (Énfasis nuestro).

A pesar de lo dictaminado, el 13 de enero de 2025, la señora Ayala Lebrón presentó una *Moción Solicitando Adjudicación de Controversias Pendientes sobre Descubrimiento de Prueba*.[28] En esencia, expuso que solicitó anteriormente el listado de desembolsos a los miembros de la

---

[25] Entrada número ciento noventa (190) de SUMAC.
[26] Entrada número doscientos cinco (205) de SUMAC.
[27] Entrada número doscientos seis (206) de SUMAC.
[28] Apéndice de la parte peticionaria, págs. 3-37.

corporación y el concepto de los años 2017 al 2020, mas no ha recibido dicha información. Por tanto, solicitó, a manera reiterada, la entrega de los documentos referidos.

Evaluada su petición, el 17 de enero de 2025, el foro *a quo* dictó y notificó *Resolución Interlocutoria* en la cual emitió el siguiente pronunciamiento judicial:

> En la vista celebrada el 2 de octubre de 2024 se le concedió a la parte demandante el término de 5 días para que expusiera su posición sobre el requerimiento realizado en el párrafo 2(d) y (f) de la Moción Conjunta de 25 de septiembre de 2024 [181] y a la que hace alusión en su MOCIÓN SOLICITANDO ADJUDICACIÓN DE CONTROVERSIAS PENDIENTES SOBRE DESCUBRIMIENTO DE PRUEBA [210] y RÉPLICA A OPOSICIONES A DESCUBRIMIENTO DE PRUEBA [214]. A petición de la parte demandante, el tribunal otorgó varias prórrogas que expiraron finalmente el 20 de noviembre de 2024. **La parte demandante no cumplió con dicha orden en el término otorgado y no es hasta el 13 de enero de 2025, un día antes de que culminaría el descubrimiento de prueba, que presenta esta moción indicando que "[l]as partes no pudieron zanjar sus diferencias y la objeción quedó pendiente de adjudicación" cuando la realidad es que la demandante no cumplió con la orden emitida en la vista celebrada el 2 de octubre de 2024** (Véase minuta [189]) y las prórrogas otorgadas. Ante el incumplimiento de la parte demandante de la orden emitida, traer el asunto a casi dos (2) meses de vencer la prórroga y a un día de la culminación del descubrimiento de prueba, se declara No ha lugar a MOCIÓN SOLICITANDO ADJUDICACIÓN DE CONTROVERSIAS PENDIENTES SOBRE DESCUBRIMIENTO DE PRUEBA del 13 de enero de 2025 [210] y a RÉPLICA A OPOSICIONES A DESCUBRIMIENTO DE PRUEBA del 15 de enero de 2025 [214]. (Énfasis nuestro)[29]

Inconforme, el 18 de febrero de 2025, la señora Ayala Lebrón recurrió ante este Tribunal de Apelaciones mediante una *Petición de Certiorari* en la cual expuso el siguiente señalamiento de error:

> ERRÓ EL TPI AL DENEGAR LA ORDEN DE PRODUCCIÓN DE DOCUMENTOS INTERESADA POR LA PETICIONARIA PARA CUYA OBTENCIÓN REALIZA GESTIONES EXTRAJUDICIALES Y JUDICIALES DESDE DICIEMBRE DE 2023 SIN QUE EL TRIBUNAL HAGA CUMPLIR EFICAZMENTE A LA RECURRIDA BHG O IMPONGA SANCIONES POR SUS MÚLTIPLES INCUMPLIMIENTOS.

En aras de ofrecer un despacho justo y eficiente del presente recurso, prescindimos del escrito oposición de la parte recurrida según nos permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Así establecido, nos corresponde discutir el marco legal pertinente a la controversia ante nuestra consideración.

---

[29] Apéndice de la parte peticionaria, págs. 1-2.

## II.

### A.    Recurso de *certiorari*

El auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En consonancia con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, *supra*, pág. 176.

En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro

primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

**B.     Discreción judicial ante el manejo de casos**

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1, procura un ordenamiento procesal que garantice el acceso a los tribunales y el adecuado manejo del proceso. Esta norma aspira a "una solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R. 1. Para alcanzar tales propósitos, los jueces de instancia gozan de "flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I*, 159 DPR 141, 150 (2003). Es decir, ostentan la autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. Íd.  A su vez, tales facultades permiten que los juzgadores de hechos manejen los casos conforme con su discreción judicial. Por lo que, tienen autoridad para actuar dentro de "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera et al. v. Arcos Dorados et al., supra,* pág. 210. No obstante, en este ejercicio discrecional, "el tribunal no puede actuar en una forma u otra haciendo abstracción del derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Cónsono con lo anterior, el foro primario tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora y con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Por tal razón, los tribunales revisores apelativos no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez v. Arcos Dorado de Puerto Rico*, *supra*, pág. 210.

**C.      Descubrimiento de prueba**

Como es sabido, en nuestro ordenamiento jurídico impera el principio de un descubrimiento de prueba amplio y liberal. *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 496 (2022). Esta normativa persigue los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en la etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000). Así, se facilita la consecución de evidencia, se evitan las sorpresas en el juicio y se perpetúa la prueba. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). Además, las partes pueden prepararse para el juicio debido a que tienen la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra*, pág. 152.

Ahora bien, esta flexibilidad no es un asunto irrestricto. Los foros primarios gozan de amplia discreción para regular el ámbito del descubrimiento, pues tienen la obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 203. En vista de lo anterior, como norma general, los tribunales revisores somos deferentes a la amplia discreción del foro primario en cuanto su facultad para regular el descubrimiento de prueba. Por tanto, no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021).

**III.**

En el recurso de epígrafe, la señora Ayala Lebrón señala que incidió el foro primario al denegar la orden de producción de documento, a pesar de las múltiples gestiones extrajudiciales y judiciales que ha efectuado desde el año 2023. Argumenta que en tal contexto procedía imponerle a Best Health una sanción. Por tanto, sostiene que la negativa del foro *a quo*

a ordenar la producción de tales documentos es contraria a derecho y constituye un error sustancial y un abuso de derecho que le coloca en un estado de indefensión. En visa de ello, solicita que este foro intermedio apelativo revoque el dictamen recurrido.

Luego de evaluar detenidamente el expediente ante nuestra consideración, determinamos que nos corresponde abstenernos de intervenir en la determinación judicial impugnada. Nuestro proceder descansa en que no se han producido las circunstancias que ameriten activar nuestra ejercicio revisor a tenor con los criterios contemplados en la Regla 52.1 de Procedimiento Civil, *supra*.

En lo pertinente, conviene resaltar que el foro primario declaró *No Ha Lugar* la *Moción Solicitando Adjudicación de Controversias Pendientes sobre Descubrimiento de Prueba* amparado en el siguiente pronunciamiento judicial:

> [N]o es hasta el 13 de enero de 2025, un día antes de que culminaría el descubrimiento de prueba, que presenta esta moción indicando que "[l]as partes no pudieron zanjar sus diferencias y la objeción quedó pendiente de adjudicación" cuando la realidad es que la demandante no cumplió con la orden emitida en la vista celebrada el 2 de octubre de 2024 (Véase minuta [189]).[30]

Ante este contexto, no contemplamos indicios de prejuicio, parcialidad, error en la interpretación o aplicación de una norma jurídica ni abuso de discreción de conformidad con los parámetros establecidos en la Regla 40 del Tribunal de Apelaciones, *supra*. Por tanto, disponemos que no estamos en posición de intervenir en la determinación objeto del recurso, la cual, a su vez, constituye, un dictamen que descansa en la flexibilidad y la discreción judicial en la tramitación del manejo del caso en etapa de descubrimiento de prueba.

Por último, advertimos que esta *Resolución* no prejuzga los hechos previamente reseñados, ni constituye una adjudicación en sus méritos. Por lo que, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 99-98.

---

[30] Apéndice de la parte peticionaria, págs. 1-2.

**IV.**

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari.*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones